UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 00-CR-20031 |
| ) | |
| SAMUEL J. YARBER, ) | |
| ) | |
| Defendant. ) | |

## OPINION

This case is before the court for ruling on Defendant's Amended Motion to Reduce Sentence (#72). This court has carefully considered the written arguments filed by the parties. This court also heard argument at a hearing held on March 12, 2008, at 10:00 a.m. For the reasons that follow, Defendant's Motion (#72) is DENIED.

### BACKGROUND

On September 8, 2000, Defendant, Samuel J. Yarber, was charged by superseding indictment with the offenses of: distribution of cocaine base ("crack") (Count I); possession of cocaine base ("crack") with the intent to distribute (Count 2); unlawful possession of a firearm by a felon (Count 3); and possession of a firearm in furtherance of a drug crime (Count 4). The charges arose from a controlled buy of crack cocaine from Defendant at Crystal Lake Park in Urbana, Illinois, on May 16, 2000. Following the controlled purchase, agents followed Defendant to a "safe house" on Elm Street in Urbana. A search warrant was executed at that location the same day and agents found plastic baggies containing 33 individual rocks of a white, chunky substance as well as cannabis, an electronic scale, two boxes of plastic baggies and a box of razor blades. Agents also found two semi-automatic pistols at the residence, one under a bed and one in Defendant's jacket pocket.

On March 5, 2001, Defendant pled guilty pursuant to a written plea agreement to Count 2, possession with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1), and Count 4, possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On June 8, 2001, a sentencing hearing was held. The presentence investigation report determined that Defendant had a base offense level of 26, which was reduced by three levels for acceptance of responsibility for a total offense level of 23. Defendant had a criminal history category of III because of his prior history of illegal gun and drug activity. Based upon an offense level of 23 and a criminal history category of III, Defendant faced a guideline sentencing range of 57 to 71 months for the crack cocaine offense. Defendant also faced a mandatory minimum consecutive sentence of 60 months for the firearm offense. This court sentenced Defendant to a term of 57 months for the crack cocaine offense and to a consecutive term of 60 months for the firearm offense. Count 1 and Count 3 of the superseding indictment were dismissed at sentencing.

On January 11, 2008, Defendant filed a pro se Motion for Reduction of Sentence (#71). Petitioner argued that he qualifies for a two-level decrease to his base offense level based upon the amendment to Section 2D1.1(c) of the United States Sentencing Guidelines, which has been made retroactive, effective in March 2008. He asked this court to resentence him based upon the new guidelines range and to appoint counsel to represent him.

On January 28, 2008, this court entered a text order and appointed the Federal Defender for the Central District of Illinois to represent Defendant. On February 22, 2008, Defendant's counsel filed an Amended Motion to Reduce Sentence, which included a request for expedited consideration (#72). Defendant's counsel noted that Amendment 706 to the United States Sentencing Guidelines lowered the base offense level for an offense involving between 5 and 20 grams of crack cocaine

from a level 26 to a level 24. Amendment 711 to the United States Sentencing Guidelines made this reduction in offense level retroactive, effective March 3, 2008. Defendant's counsel calculated that, under the retroactive amendment, Defendant's new guideline range for the crack cocaine offense is 46 to 57 months. Defendant's counsel further stated that, if this court reduced his sentence to the bottom of the new guideline range, a sentence of 46 months, and reimposed the 60-month consecutive sentence for the firearm offense, Defendant's new release date would have been February 3, 2008. Defendant's counsel asked this court to expedite this matter and enter an amended judgment reducing Defendant's sentence to "time served."

Defendant's counsel attached a memorandum of points and authorities. Defendant's counsel pointed out that the Sentencing Commission's implementing Policy Statement, U.S.S.G. § 1B1.10(a)(1), as amended effective March 3, 2008, provides:

> In a case in which a defendant <u>is serving a term of imprisonment</u>, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's <u>term of imprisonment</u> as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's <u>term of imprisonment</u> shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1) (emphasis added).

Defendant's counsel acknowledged that the phrase "term of imprisonment" is not defined in 18 U.S.C. § 3582 or the advisory Sentencing Guidelines. Defendant's counsel stated, however,

3

that 18 U.S.C. § 3584(c) provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." Defendant's counsel also argued that the Seventh Circuit has interpreted the phrase "term of imprisonment" to refer to "time in a penal institution" and "the period of incarceration or confinement ordered by a court of law." See United States v. Phipps, 68 F.3d 159, 161-62 (7th Cir. 1995); Klementanovsky v. Gonzales, 501 F.3d 788, 791 (7th Cir. 2007). Defendant's counsel further argued that, based on United States v. Etherton, 101 F.3d 80 (9th Cir. 1996), this court should find that the amended guideline range applies to the entirety of Defendant's sentence and reduce the term of imprisonment imposed. Defendant's counsel argued that this court should exercise its discretion and reduce Defendant's total term of 117 months of imprisonment to time served as of March 3, 2008.

On February 27, 2008, the Government filed its Response to Defendant's Amended Motion to Reduce Sentence (#74). The Government stated that it did not object to Defendant's request for expedited consideration but opposed Defendant's request for a reduction in his sentence. The Government argued that the amendment to the advisory Sentencing Guidelines, which has reduced the sentencing guideline range for crack cocaine offenses, does not apply to Defendant because Defendant has already served the term of imprisonment imposed for his crack cocaine offense and is now serving the consecutive term imposed for the firearm offense. The Government argued that 18 U.S.C. § 3584(c), cited by Defendant for the proposition that multiple terms of imprisonment ordered to run consecutively shall be treated for administrative purposes as a single, aggregate term of imprisonment is, as it says, only "for administrative purposes." The Government argued that Defendant is not asking this court to administer his sentence (a duty of the executive branch) but is

rather asking this court to reduce his sentence. Therefore, the Government contended that § 3584(c) is not controlling.

The Government also stated that Defendant's current projected release date is November 15, 2008, without any sentence reduction. The Government stated that, pursuant to the policy of the Federal Bureau of Prisons, it is anticipated that Defendant will be transferred very soon to a residential reentry center ("halfway house") for the last six months of his sentence to aid his reintegration into society. The Government noted that Defendant's conviction in this case involved the dangerous combination of the distribution of crack cocaine and possession of two semi-automatic pistols by a felon in furtherance of his drug trafficking activities. The Government argued that, to simply release Defendant from imprisonment early, without an opportunity for the Federal Bureau of Prisons to ease him back into society through the use of a halfway house, is not in the public's best interest or even, in actuality, in Defendant's best interest. The Government also contended that to accept Defendant's argument that his sentence should be reduced would allow Defendant to benefit from having a firearm conviction in addition to his conviction for a crack cocaine offense. The Government noted that a defendant convicted of an identical drug offense at an identical time, without possession of semi-automatic pistols, would have completed his 57 month sentence and could receive no benefit from the amendment to the sentencing guidelines for crack cocaine offenses.

On March 3, 2008, Defendant filed a letter in support of his Motion to Reduce Sentence (#75). Defendant stated that his counsel had informed him that the Government was contesting his request for a reduction in his sentence. Defendant asked this court to reduce his sentence and stated that he would like to be home for his grandmother's birthday in early May. Defendant attached his

prison progress reports and stated that he has been classified as a low security inmate.

## ANALYSIS

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses. On December 11, 2007, the Sentencing Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

This court agrees with the Government that Defendant's sentence is not subject to reduction under § 3582(c)(2). At sentencing, this court imposed the 60 month sentence for the firearm offense to run consecutively <u>after</u> the 57 month sentence for the crack cocaine offense. This court did not sentence Defendant to a term of 57 months and 60 months for a total sentence of 117 months. Instead, this court sentenced Defendant to 57 months on Count 2 and a consecutive sentence of 60

months on Count 4, to follow the term of imprisonment on Count 2.  Therefore, Defendant is currently serving the sentence for the firearm offense, so that the amendment to the crack cocaine guidelines is not applicable to Defendant.  See U.S.S.G. § 1B1.10(a)(2)(A).

This court further concludes that the authority cited by Defendant is not directly on point and does not persuade this court that, under the circumstances here, Defendant's consecutive sentences for two separate offenses should be considered a single, aggregate term of imprisonment.  To accept Defendant's argument regarding "term of imprisonment" would render the concept of "consecutive sentence" meaningless.  Black's Law Dictionary defines "consecutive sentences" to mean "[t]wo or more sentences of jail time to be served in sequence."  Black's Law Dictionary, at 1393-94 (8th ed. 2004).  In this case, this court imposed consecutive sentences, to be served in sequence, with the sentence for the firearm offense to follow the sentence for the crack cocaine offense.

In addition, this court agrees with the Government's alternative argument that, even if this court could exercise its discretion to reduce Defendant's sentence, Defendant does not warrant a sentence reduction under the circumstances of this case.  In making this alternative determination, this court has carefully considered the record in this case and the factors set forth in § 3553(a).  This court concludes that a sentence of 57 months for the crack cocaine offense is sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a)(2).  This court makes this determination considering the nature and circumstances of the offense and the history and characteristics of Defendant.  See 18 U.S.C. § 3553(a)(1).  This court further concludes that a sentence of 57 months reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, and affords adequate deterrence to criminal conduct.  See 18 U.S.C. § 3553(a)(2)(A),(B).  This court specifically agrees with the Government that it is extremely

important for Defendant to spend time in a residential reentry center, or halfway house, prior to his release in order to protect the public and provide the defendant with the aid he needs to foster his reintegration into society. See 18 U.S.C. § 3553(a)(2)(C),(D).

This court further agrees with the Government that not reducing Defendant's sentence promotes the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. See 18 U.S.C. § 3553(a)(6). This is because the Government is correct that a defendant sentenced to 57 months for a similar crack cocaine offense at the same time as Defendant was sentenced, who did not have a consecutive sentence for a firearm offense, would not get a sentence reduction.

For all of the reasons stated, Defendant's Amended Motion to Reduce Sentence (#72) is DENIED.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Amended Motion to Reduce Sentence (#72) is DENIED.

(2) For the same reasons, Defendant's pro se Motion to Reduce Sentence (#71) is DENIED.

(3) Defendant has 10 days from the date of this court's Opinion to file a Notice of Appeal with the clerk of this court.

ENTERED this 12th day of March, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE